# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-714V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
L.M. a minor, by and through her parent      *
and legal guardian, CHAD MCCLELLAN,          *
                                             *    Special Master Corcoran
              Petitioner,                    *
                                             *    Dated: September 29, 2017
v.                                           *
                                             *    Attorney's Fees and Costs;
                                             *    Interim Fees; Expert Costs.
SECRETARY OF HEALTH AND                      *
HUMAN SERVICES,                              *
                                             *
              Respondent.                    *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*David C. Richards*, Christensen & Jenson, Salt Lake City, UT, for Petitioner.

*Ryan D. Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]**

On August 7, 2014, Chad McClellan filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] on behalf of his minor daughter, L.M. Petitioner alleges that as a result of receiving the pneumococcal vaccine on December 30, 2011, L.M. suffered significant aggravation of her underlying movement disorder, causing a new seizure condition. *See* Petition at 2. After extensive expert filings from both parties, along with supplemental briefing, I scheduled the matter for an entitlement hearing to take place

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

from September 10-13, 2018. *See* Prehearing Order, dated July 10, 2017 (ECF No. 60).

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $237,515.67 (representing $159,722.90 in attorney's fees and $77,792.77 in costs). *See* Motion for Interim Attorney's Fees and Expenses, filed August 28, 2017, at 5 (ECF No. 61) ("Interim Fees App."). In accordance with General Order #9, Petitioner represents that he has not incurred any personal costs associated with the matter. *Id*. at Tab D.

Respondent reacted to the motion on September 14, 2017, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award and the amount to be awarded, if any. *See* Response to Motion for Interim Attorney's Fees and Costs, dated Sept. 14, 2017 (ECF No. 62) at 2.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$225,280.67**.

**Procedural History**

This action has been pending for over three years. As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, David Richards, Esq., began working on the matter on August 20, 2012, two years before the case was even filed. *See* Interim Fees App., Tab A. During that period of time, it appears that Mr. Richards (and his associates) was performing significant research on genetic mutations, as well as performing record collection and contacting experts. *Id*. That time appears to have been well-spent, as Petitioner filed complete medical records within a month of filing the case. Respondent, after receiving extended time because of the voluminous medical records, filed his Rule 4(c) Report in December 2014. *See* Respondent's Rule 4(c) Report, dated Dec. 5, 2014 (ECF No. 12).

Thereafter the parties began filing expert reports, a process that was not completed until April 21, 2017. To date, Petitioner has submitted the reports from three different experts (two of which opined in supplemental reports) and a letter from one of L.M.'s treaters. In response, Respondent has submitted five expert reports from two experts. Petitioner has also filed a brief (in response to my order) attempting to distinguish his case from similar cases that have been dismissed in the Program, addressing concerns I raised several times. *See* Scheduling Order, dated Sept. 7, 2016 (ECF No. 38). Respondent filed a brief in reaction. I ultimately determined that the disputed issues in the case necessitated an entitlement hearing. As previously mentioned, that hearing has been scheduled for September 2018.

Shortly after the Pre-hearing Order was issued, Petitioner filed the present interim request for an award of attorney's fees and costs. *See generally* Interim Fees App. Petitioner specifically requests that Mr. Richards be compensated at hourly rates of $295, $300, $305, and $312, for work

performed from 2013-2017, respectively, consistent with my decision regarding his appropriate hourly rates in *Atnip v. Sec'y of Health and Human Servs.*, No. 14-1006, 2016 WL 4272057 (Fed. Cl. Spec. Mstr. July 6, 2016). Petitioner also requests reimbursement for Mr. Richards's associate and paralegals. Interim Fees App., Tab A at 27. One associate billed for work performed on the matter during 2016-2017 at an hourly rate of $200. *Id*. The paralegals billed for work from 2012-2017 at varying rates from $97-$125. *Id*.

Significant costs have also been incurred in the matter for two categories—record collection and expert costs. The former category amounts to $4,315.27, while the latter is $73,477.50. Interim Fees App. at 3. The three experts that opined in Petitioner's case were Drs. Vera Byers, Marcel Kinsbourne, and Richards Boles. Dr. Byers performed about 50 hours of work on the case at an hourly rate of $350, for a total of $15,312.50 (including a $2,000 retainer).[3] *See generally* Court's Ex. 1. Dr. Kinsbourne billed at varying hourly rates—$300 per hour for work that was administrative, such as returning emails or calls, and $500 per for substantive review of the medical records or drafting his expert report—the total amounting to $38,665.00. Interim Fees App., Tab B. Finally, Dr. Boles performed 35 hours of work at an hourly rate of $500, totaling $17,500. *Id*.

## ANALYSIS

### I. Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here, meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim

---

[3] Petitioner's fee application filed Dr. Byers' invoice as Tab B. That invoice, however, did not reflect any reduction for the retainer paid by Mr. Richards. My chambers contacted Mr. Richards to resolve the discrepancy and determine the amount that should be awarded to Petitioner and Petitioner's counsel. It was determined that Dr. Byers had mistakenly not accounted for the retainer paid by Mr. Richards. On September 28, 2017, Mr. Richards emailed my chambers a copy of the corrected invoice, showing that he had paid a total of $17,312.50 to Dr. Byers (including $2,000, which Petitioner represents will be credited on a future bill by Dr. Byers and $2,000 paid as a retainer). *See* Court's Exhibit 1. The correct total, as reflected in Court's Exhibit One, including the retainer, was $15,312.50, which will be reimbursed in full to Petitioner and Petitioner's counsel.

Case 1:14-vv-00714-UNJ   Document 66   Filed 11/14/17   Page 4 of 7

costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

Here, I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, *slip op.* at 3 (Apr. 17, 2017). This matter meets all of that criteria. It has been pending for over three years (plus two years before the case was filed), and given that the hearing has yet to take place, the case may take significant additional time to resolve. The total amount of attorney's fees requested also exceeds the minimum threshold that I find to be appropriate, and Petitioner will continue to incur additional attorney's fees through the briefing and hearing process. While I do not always find an interim fees award appropriate, this case merits an interim award.

## II.     Amounts Requested for Petitioner's Attorneys

I must now evaluate what the magnitude of Petitioner's interim attorney's fee award should be. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum-rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758

costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

Here, I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, *slip op.* at 3 (Apr. 17, 2017). This matter meets all of that criteria. It has been pending for over three years (plus two years before the case was filed), and given that the hearing has yet to take place, the case may take significant additional time to resolve. The total amount of attorney's fees requested also exceeds the minimum threshold that I find to be appropriate, and Petitioner will continue to incur additional attorney's fees through the briefing and hearing process. While I do not always find an interim fees award appropriate, this case merits an interim award.

## II.     Amounts Requested for Petitioner's Attorneys

I must now evaluate what the magnitude of Petitioner's interim attorney's fee award should be. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum-rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758

1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2012-2017. As detailed above. I have found that the attorneys practicing at Christensen & Jensen, located in Salt Lake City, Utah, are not "in-forum" and thus not entitled to the forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *Atnip*, 2016 WL 4272057, at *4. I will maintain the rates I have previously established for Mr. Richards from 2013-2017.[5] Similarly, I find that the rates requested by the associate and paralegals are reasonable and will be awarded.

The hours expended on this matter by Mr. Richards and his associates (633.80 hours in total), are high, but appear to be reasonable for a case that has lasted over three years. This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and medical literature relevant to this case prior to filing the case. Some fees were also directly attributable to my own orders and the obligations I placed on counsel. Accordingly, I will award the attorney's fees as requested for a total of $159,722.90.

## III.   Requested Costs

Finally, Petitioner requests costs that he incurred to acquire medical records and to obtain expert opinions. I will award the first category in full for a total of $4,315.27. As for the second category, while I will award the majority of the expert costs, I will reduce the hourly rates of Drs. Kinsbourne and Boles, consistent with other decisions in the Program. Dr. Kinsbourne's billing records indicate two different rates. He billed at an hourly rate of $300 for administrative tasks such as telephone calls and emailing (45.8 hours in this case), but at $500 per hour for more substantive work—reviewing medical literature and drafting his reports (49.8 hours in this case). While I find the former category reasonable and will award it as requested, I will reduce the latter rate to $400 per hour consistent with that awarded by other special masters. *See e.g., Faoro v. Sec'y of Health & Human Servs.*, No. 10–704V, 2014 WL 5654330, at *4 (Fed. Cl. Spec. Mstr. Oct. 15, 2014). This results in a total reduction for Dr. Kinsbourne of $4,985.00.

---

(D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

[5] Mr. Richards stated that he derived his 2017 using the consumer price index (CPI) calculator. However, the special masters currently favor using the producer price index for the office of lawyers ("PPI-OL") as the rate inflator rather than the CPI. Upon performing the PPI-OL calculation, it results in the same hourly rate, thus there is no reason to adjust Mr. Richard's 2017 rate. The PPI-OL rate for 2017 was derived by multiplying Mr. Richard's 2016 rate ($304.07), by the PPI-OL index for January 2016 (201.8) and then dividing by the PPI-OL index for January 2015 (196.8), after rounding to the nearest dollar, their hourly rate for 2017 came to $312.

I will similarly reduce Dr. Boles's rate. He billed for 35 hours at a rate of $500 per hour. It appears Dr. Boles has only participated in two other Program cases, neither of which have ruled upon his proper rate. As his CV indicates, Dr. Boles is an experienced geneticist, with published articles in the field. *See* Exhibit 45, dated July 29, 2016 (ECF No. 37). I must balance that with his lack of experience in the Program and the rates awarded to other, similarly situated, experts. His requested rate of $500 is at the very top end of hourly rates awarded solely to experienced and highly qualified experts. *See e.g., Rosof v. Sec'y of Health & Human Servs.,* No. 14-766, 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017) (noting that awarding $500 per hour for an expert in the Program is very rare). I will therefore reduce Dr. Boles's requested hourly rate to $350, commensurate with other similarly educated experts. *Barclay v. Sec'y of Health & Human Servs.*, No. 07-605, 2014 WL 2925245, at *8 (Fed. Cl. Spec. Mstr. Feb. 7, 2014) (awarding $325 per hour to a similarly educated expert for work performed in 2013). The reduction for Dr. Boles is $5,250.00.

Dr. Byers's requested rate of $350 per hour is consistent with other decisions, and I will award it herein. *See e.g. Dingle v. Sec'y of Health & Human Servs.,* No. 08-579V, 2014 WL 630473 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). Her hours were also appropriate, amounting to a total of $15,312.50 ($2,000 of which was paid by a retainer). *See* Court's Exhibit 1.

The new total for expert costs is $63,242.50. ($33,680.00 (Dr. Kinsbourne) +$12,250.00 (Dr. Boles) +$15,312.50 (Dr. Byers)=$63,242.50). The resulting reduction is $10,235.00.

Accounting for the new total for expert costs, the total amount to be awarded for interim attorney's fees and costs is $225,280.67.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees, as follows:

|  | Requested | Reduction | Total |
|---|---:|---:|---:|
| Attorney and Paralegal Fess | $159,722.90 | None | $159,722.90 |
| Dr. Kinsbourne | $38,665.00 | $4,985.00 | $33,680.00 |
| Dr. Boles | $17,500.00 | $5,250.00 | $12,250.00 |
| Dr. Byers | $15,312.50 | None | $15,312.50 |
| Misc. Costs | $4,315.27 | None | $4,315.27 |
|  |  | **Grand Total:** | **$225,280.67** |

I therefore award a total of **$225,280.67** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. David Richards, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

<u>s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.