# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: October 29, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| L.M. *a minor by and through her* | * | |
| *parent and guardian,* | * | |
| CHAD MCCLELLAN, | * | UNPUBLISHED |
| | * | No. 14-714V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

David C. Richards, Christensen & Jensen, P.C., Salt Lake City, UT, for petitioner.
Ryan D. Pyles, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 7, 2014, Chad McClellan ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act") on behalf of his minor child, L.M. Petitioner initially alleged that L.M.'s seizure disorder was caused or significantly aggravated by the pneumococcal (Prevnar) vaccine administered on December 30, 2011. Petition at 2. L.M.'s family subsequently learned that she

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

has a rare genetic condition: a mutation in the SCN8A gene. Petitioner therefore moved forward with a revised claim, asserting that the vaccine significantly aggravated L.M.'s epileptic encephalopathy/seizure disorder. An entitlement hearing was held on September 10-12, 2018. On July 23, 2019, the previously assigned special master issued his decision denying compensation. (ECF No. 91).[3]

On February 18, 2020, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 97). Petitioner requests compensation in the amount of $380,851.19, representing $249,627.10 in attorneys' fees and $131,224.09 in costs. Fees App. at 2-3.[4] Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs in pursuit of her claim for compensation. Id. at 4. Respondent filed his response on February 20, 2020, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 98). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $345,236.69.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Here, although the petition was eventually dismissed, the undersigned does not doubt the petition was brought in good faith, and the case had a reasonable basis to proceed for as long as it did. Respondent also has not challenged the good faith or reasonable basis of the petition. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

---

[3] On October 8, 2019, this case was reassigned to the undersigned for resolution of final attorneys' fees and costs.

[4] Petitioner was previously awarded interim attorneys' fees in the amount of $225,280.67 on September 29, 2017.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. David Richards, $312.00 per hour for work performed in 2017, $321.00 per hour for work performed in 2018, $332.00 per hour for work performed in 2019, and $343.00 per hour for work performed in 2020; for Ms. Erika Larsen, $210.00 per hour for work performed in 2018; and for Ms. Tanner Lenart, $200.00 per hour for work performed in 2017, $250.00 per hour for work performed in 2018, and $270.00 per hour for work performed in 2019. Fees App. at 28. These hourly rates require further discussion.

The hourly rates requested for Mr. Richards for 2017-2019 and for Ms. Lenart for 2017 are consistent with what they previously have been awarded for their Vaccine Program work. See Smith v. Sec'y of Health & Human Servs., No. 17-302V, 2019 WL 7557790, at *2 (Fed. Cl. Spec. Mstr. Dec. 20, 2019). Additionally, Mr. Richards' requested 2020 hourly rate is reasonable. However, the 2018-2019 rates for Ms. Lenart, and the 2018 rate for Ms. Larsen are excessive in the undersigned's experience. The previously assigned special master in this case utilized the producer price index for the office of lawyers ("PPI-OL") as a rate inflator to calculate reasonable hourly rates for Mr. Richards. McClellan v. Sec'y of Health & Human Servs., No. 14-714V, 2017 WL 5382907 (Fed. Cl. Spec. Mstr. Sept. 29, 2017). Therefore, the undersigned shall use the same metric to determine reasonable hourly rates for Ms. Lenart. Based upon this metric with her established rate of $200.00 per hour for 2017, the undersigned

finds reasonable hourly rates to be as follows: $210.00 per hour for 2018 and $220.00 per hour for 2019.[5]

Ms. Larsen, on the other hand, has no previously established rate for her Vaccine Program work. However, given that the undersigned has now established $210.00 per hour as a reasonable rate for Ms. Lenart, a reasonable hourly rate for Ms. Larsen would have to be lower. Ms. Larsen has been licensed to practice law since 2017, giving her approximately one year of experience when she performed work in this matter. Fees App. at 113. By contrast, in 2018 Ms. Lenart had approximately 7 years of experience. Upon consideration, a reasonable hourly rate for Ms. Larsen's work in 2018 is $155.00 per hour.[6]

Application of these rates results in a reduction of $13,705.00.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Upon review of the submitted billing records, the undersigned finds that although the majority of the billing entries appear to be reasonable, the overall amount of time billed is slightly excessive in the undersigned's experience. First, the undersigned notes that counsel appeared to bill their full hourly rates for time spent traveling. Fees App. at 16, 18. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. See Hocraffer v. Sec'y of Health & Human Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); English v. Sec'y of Health & Human Servs., No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  In this case, although counsel

---

[5] A strict application of the PPI-OL inflation rate to Ms. Lenart's 2017 rate would yield lower hourly rates than what is being awarded ($206.00 per hour for 2018 and $211.00 per hour for 2019). However, merely applying the PPI-OL to an established rate does not properly account for the experience gained by that attorney due to an additional year of practice. In the undersigned's experience, this is particularly relevant for attorneys with fewer than 10 years of experience such as Ms. Lenart, where an additional year of experience can yield a significant increase in the quality of work performed.

[6] The undersigned notes that petitioner has not provided any rationale or evidence supporting the hourly rate increases for Ms. Lenart or for establishing a reasonable baseline hourly rate for Ms. Larsen beyond their overall years of legal experience.

4

warrants that time was spent on casework while delayed at the airport, no such indication is made that casework was performed while actually traveling. Based upon the billing records, 15.0 hours of Mr. Richards' time and 12.5 hours of Ms Lenart's time in 2018 should be compensated at one half of their typical rate.

More concerning is the overall amount of time expended on drafting the post-hearing briefs. Fees App. at 19-23. This can be attributed to the fact that three different attorneys plus one paralegal all expended significant hours on its preparation. While the undersigned would expect contributions from Mr. Richards and Ms. Lenart on its drafting (given that they represented petitioner at the entitlement hearing), the decision to include Ms. Larsen is questionable, given that she previously had billed no hours on this case and was therefore presumably unfamiliar with it. The undersigned also notes that due to the inclusion of three attorneys working on the brief, several lengthy interoffice meetings were held discuss a plan to draft the brief, which likely would not be necessary if fewer people were working on it.

Finally, the undersigned notes the general vagueness of many of the entries related to its preparation - a typical entry from all three attorneys reads "Work on post-hearing brief." An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl.Ct. 751, 760 (1989). This is particularly crucial in situations such as this, were four individuals are all working preparing a single document – the billing entries make it difficult for the undersigned to determine how much, if any, time spent was duplicative in some nature. In total, approximately 176.5 hours were expended on reviewing the entitlement hearing transcripts and preparation of this brief (exclusive of time spent discussing various issues with petitioner's medical experts). The time expended on the post-hearing reply brief is similar in its excess despite the fact that Ms. Larsen was not involved in its drafting.

In sum, upon review the undersigned finds that a five percent reduction to the attorneys' fees is necessary to in light of the aforementioned issues. This results in a reduction of $11,796.10.[7] Petitioner is therefore awarded final attorneys' fees of $224,126.00.

### b. Attorneys' Costs

Petitioner requests a total of $131,224.09 in attorneys' costs. This amount is comprised primarily of expenses related to the entitlement hearing, such as expert witness fees and travel and lodging costs. Other expenses include legal research fees, medical literature, transcript costs, and postage. Due to the large amount of work required by experts in this case (the matter necessitated three experts, Dr. Marcel Kinsbourne, Dr. Richard Boles, and Dr. Vera Byers, testifying at the entitlement hearing over the course of three days), the large sum of attorneys' costs requested is not unusual, and upon review, the undersigned finds the requested costs to be largely reasonable, with only minor reductions necessary.

---

[7] ($249,627.10 requested - $13,705.00 reduction for hourly rate adjustment) * 0.05 = $11,796.10.

First, the undersigned notes that Dr. Boles has routinely been awarded $350.00 per hour for his Vaccine Program work, including by the previously assigned special master when awarding interim fees in this case. See Svagdis v. Sec'y of Health & Human Servs., No. 15-520V, 2020 WL 3969874, at *6 (Fed. Cl. Spec. Mstr. Jun. 4, 2020); Akers v. Sec'y of Health & Human Servs., No. 15-597V, 2018 WL 3216243, at *6 (Fed. Cl. Spec. Mstr. May 31, 2018); see also Dempsey v. Sec'y of Health & Human Servs., No., 2017 WL 6343870, at *9 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (the undersigned awarding Dr. Boles $300.00 per hour for his work). While petitioner notes that Dr. Boles has informed counsel that he routinely charges $500.00 per hour for his work, petitioner has not cited any authority to show when Dr. Boles has been awarded such an amount. Fees App. at 2 n.1. Accordingly, the undersigned shall compensate Dr. Boles' time in this case at $350.00 per hour, resulting in a reduction of $8,925.00.

Second, petitioner requests compensation of $588.40 as reimbursement for Dr. Boles' airfare to the entitlement hearing. Fees App. at 30. However, Dr. Boles' submitted invoice indicates that he is seeking reimbursement for the same amount. Fees App. at 38. To avoid a duplicative recovery of this cost, the undersigned shall reduce $588.40 from the final award of attorneys' costs.

Petitioner also seeks reimbursement for two identical charges of $631.80 for the return airfare of Mr. Richards and Ms. Lenart. Fees App. at 30. However, counsel had previously booked round-trip airfare for $1,081.40 per attorney, which included return airfare. Although counsel has not offered any explanation why a second return fare was purchased, the undersigned can surmise that the third day of the trial ended earlier than anticipated previously and counsel wished to return to Salt Lake City as soon as possible. While returning a day early helped mitigate some additional lodging costs, it was more expensive to purchase an entirely new flight and ultimately unnecessary. The undersigned shall therefore reduce the final award of costs by $600.00 to approximate the difference between the new airfare and an additional night of lodging.

Accordingly, petitioner is awarded final attorneys' costs of $121,110.69.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| Attorneys' Fees Requested | $249,627.10 |
|---|---|
| (Total Reduction from Billing Hours) | - ($25,501.10) |
| **Total Attorneys' Fees Awarded** | **$224,126.00** |
| | |
| Attorneys' Costs Requested | $131,224.09 |
| (Reduction of Costs) | - ($10,113.40) |
| **Total Attorneys' Costs Awarded** | **$121,110.69** |
| | |

| Total Attorneys' Fees and Costs Awarded | $345,236.69 |
|---|---|

**Accordingly, the undersigned awards $345,236.69 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. David Richards.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.